IN THE UNITED STATES DISTRICT COURT OF UTAH

| | |
|---|---|
| RUZICA LAKIC, BOJANA LAKIC, and BOJAN LAKIC, individually and as personal representatives of the ESTATE OF GOJKO LAKIC, deceased<br><br>     Plaintiffs,<br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendant. | NOTICE OF REMOVAL FROM THIRD JUDICIAL DISTRICT COURT IN AND FOR SALT LAKE COUNTY, UTAH, CASE NO. 210906912 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1332, 1441 and 1446 and DUCivR 81-2, Defendant FedEx Ground Package System, Inc. ("FedEx Ground"), hereby removes Case No. 210906912 (the "State Court Action") from the Third Judicial District Court in and for Salt Lake County, Utah, to the United States District Court for the District of Utah on the ground that jurisdiction exists under 28 U.S.C. § 1332(a)(2). By removing this case, FedEx Ground does not waive, and expressly reserves, any and all defenses available to it. FedEx Ground satisfies the requirements for removal because the removal is timely and all procedural requirements have been met and the Court has subject matter jurisdiction because the parties are diverse and amount in controversy exceeds $75,000.00.   In support of removal, FedEx Ground states as follows:

### I.  Removal is Timely

1.  On December 22, 2021, Plaintiffs Ruzica Lakic, Bojana Lakic, and Bojan Lakic, individually and as heirs of the Estate of Gojko Lakic, deceased ("Plaintiffs") filed a Complaint against FedEx Ground. *See* Exhibit 1, Plaintiffs' Complaint.

2.  Defendant FedEx Ground accepted service on December 24, 2021. *See* Exhibit 2, Acceptance of Service.

3.      Defendant FedEx Ground files this Notice of Removal within thirty (30) days after the receipt by Defendant FedEx Ground of a copy of the initial pleading, pursuant to 28 U.S.C. § 1446(b)(1). Accordingly, this Notice of Removal is timely.

4.      The United States District Court for the District of Utah embraces the county and court in which the state court action is now pending. 28 U.S.C. § 105(b)(5). Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

5.      By removing this action to federal court, FedEx Ground does not waive any defense that is otherwise available to it. FedEx Ground reserves all rights to answer or present other defenses or objections pursuant to Fed.R.Civ.P. 12 or other provisions of law.

6.      In consideration of the requirement of 28 U.S.C. § 1446(a) and in compliance with DUCivR 81-2, true and correct copies of all process, pleadings, records, proceedings, the Orders filed in the state court action, and a current copy of the state court docket sheet are being filed with this Notice of Removal, attached as Exhibit 1, State Court Record. As of the date of filing this Notice of Removal, the State Court has not entered a scheduling order or a Notice of Event Due Dates.

**Diversity of Citizenship**

7.      Because of the complete diversity of citizenship in this case, removal is proper pursuant to 28 U.S.C. § 1332(a)(1).

8.      In accordance with DUCivR 81-2(a)(2)(C)(i), the residence, domicile, and state of citizenship of Plaintiffs Ruzica Lakic, Bojana Lakic, and Bojan Lakic is Utah. *See* Exhibit 1, Plaintiffs' Complaint ¶¶3-5.

9.      Pursuant to 28 U.S.C. § 1332(c)(2), the legal representatives of the Estate of Gojko Lakic is a citizen of the state of Utah as Gojko Lakic was a resident, was domiciled in, and was a citizen of the state of Utah prior to his death. *See* Exhibit 1, Plaintiffs' Complaint ¶1.

10.     The citizenship of a corporation is its state of incorporation and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

11.     Defendant FedEx Ground is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Pennsylvania. See Exhibit 3, SEC Form 8-A.

12.     Accordingly, for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1), FedEx is a citizen of the States of Delaware and Pennsylvania.

13.     Therefore, there is complete diversity of citizenship between all Plaintiffs and Defendant providing a basis to remove this action to federal court. 28 U.S.C. § 1332(a)(1) or 28 U.S.C. § 1332(a)(2).

## Venue is Proper

14.     Venue is proper in the United States District Court for the District of Utah under 28 U.S.C. §§ 116(b) and 1446(a) in that this district encompasses the Third Judicial District in and for Salt Lake County, Utah and is "the district and division embracing the place where such action is pending."

## Amount in Controversy

15.     Plaintiffs' suit arises from the death of Gojko Lakic in North Salt Lake, Utah when he was caught between two trailers. *See Generally*, Exhibit 1, Plaintiffs' Complaint.

16.     To confer subject matter jurisdiction on this Court based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C.

§ 1332(a). Further, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (citing 28 U.S.C. § 1446(a)).

17.     The "requisite amount in controversy must be affirmatively established on the face of either the petition or the removal notice." *Reifenberger v. Autovest LLC*, No. 2:20-CV-571-DAK-JCB, 2021 WL 212237, at *2 (D. Utah Jan. 21, 2021), *adhered to on reconsideration,* No. 2:20-CV-571-DAK-JCB, 2021 WL 1312754 (D. Utah Apr. 8, 2021) (quoting *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001)).

18.     Plaintiffs' Complaint specifically alleges that "the amount of damages in controversy complained herein exceeds $300,000, exclusive of costs and attorneys' fees." Exhibit 1, Plaintiffs' Complaint, ¶ 7.

19.     Therefore, the amount in controversy exceeds the statutory threshold required to invoke this Court's jurisdiction.  28 U.S.C. § 1332(a).

### The Removal is Procedurally Correct

20.     Removal of this case to this Court is proper under 28 U.S.C. § 1441 because this is a civil action of which District Courts of the United States have original jurisdiction.

21.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing will be given to Plaintiffs by and through their attorneys of record.

22.     Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant FedEx Ground files this Notice of Removal, a true and correct copy of the same will be filed with the Third Judicial District Court In And For Salt Lake County, State Of Utah, the state court from which this action was removed.

**WHEREFORE**, because this notice is timely, the amount in controversy exceeds $75,000.00, diversity of citizenship exists as to Plaintiffs and Defendant, and because this Court has jurisdiction over this action, Defendant FedEx Ground respectfully requests that this action now pending in the Third Judicial District Court In And For Salt Lake County, State Of Utah be removed to the United States District Court for the District of Utah, as an action properly removable thereto, and seeks general relief.

RESPECTFULLY SUBMITTED,

/s/ Gary T. Wight
Gary T. Wight – 10994
KIPP AND CHRISTIAN, P.C.
*Attorneys for Defendants*
257 East 200 South, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 521-3773
gwight@kippandchristian.com
*Attorneys for Defendant FedEx Ground Package System, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that on this <u>14<u>th</u></u> day of January 2022, a true and correct copy of the above and foregoing Notice of Removal will be served upon the filing of a Notice of Filing Notice of Removal in the State Court Action as required to Plaintiffs' attorney:

William J. Hansen, Bar No. 1353
Karra J. Porter, Bar No. 5223
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Facsimile: (801) 355-3472
william.hansen@chrisjen.com
karra.porter@chrisjen.com
*Attorneys for Plaintiff*

/s/ Gary T. Wight